**OUTDOOR SPORTS INDUSTRIES, INC., Plaintiff,**

v.

**TELVEST, INC., Telco Marketing Services, Inc., Libco Corporation, and Clyde Engle, Defendants.**

No. 78 C 4098.

United States District Court, N. D. Illinois, E. D.

Sept. 4, 1980.

Benjamin Stapleton, Edward O. Byrne and James E. Nesland, Denver, Colo., Michael M. Conway, Chicago, Ill., for plaintiff.

Alan C. Frieberg, Denver, Colo., Lowell E. Sachnoff, Nathan H. Dardick, Anthony C. Valiulis, Chicago, Ill., for defendants.

## DECISION ON JURY DEMAND OF COUNTERPLAINTIFFS

McMILLEN, District Judge.

Counterdefendant Outdoor Sports Industries, Inc. ("OSI") has moved to strike as untimely the jury demand made by counterplaintiffs in their Supplemental Counterclaim for malicious prosecution filed June 16, 1980. The issue depends on whether OSI's motion for summary judgment filed September 17, 1979 on the original counterclaim for abuse of legal process was a "pleading" within the meaning of F.R.C.P. 38(b). We find and conclude that it was not.

Defendants/counterplaintiffs filed their Amended Answer and Counterclaim on November 8, 1978. It did not contain a jury demand. OSI filed a motion for summary judgment but did not reply to the counterclaim. On June 16, 1980, with leave of court, counterplaintiffs filed a Supplemental Counterclaim for malicious prosecution, paragraph 11 of which demanded a trial by jury. This document in effect replaces the original counterclaim, but there is no contention that it was filed merely to accommodate a late jury demand.

Given that a reply was never filed by counterdefendant, this case falls squarely within the holding of *Dasho v. Susquehanna Corp.*, 461 F.2d 11 (7th Cir. 1972), *cert. denied* 408 U.S. 925, 92 S.Ct. 2496, 33 L.Ed.2d 336 (1972). In that case, plaintiffs made a jury demand in their reply filed more than three years after the original complaint and several months after all defendants had answered. The court held plaintiffs' demand timely because the reply, however tardy, constituted the "last pleading directed to such issue": "Up to that time there had been no final definition of the issues and no waiver of the right to a jury trial." *Dasho*, 461 F.2d at 22.

Counterdefendant argues that its motion for summary judgment was a responsive pleading which effectively put the counterclaim at issue. The motion for summary judgment did not address the merits but attempted to invoke this court's previous denial of counterplaintiffs' Rule 11 sanctions motion as law of the case. A motion of this kind is not a pleading. F.R.C.P. 7(a); *In re Zweibon*, 565 F.2d 742, 747 (D.C.

Cir.1977); *Molinaro v. Watkins–Johnson CEI Division*, 359 F.Supp. 467 (D.Md.1973).

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the motion of counterdefendant OSI to strike the jury demand of counterplaintiffs is denied.