Ronald **HRUBEC**, Nijole Hrubec, Kim M. Golden, Ronald C. Hrubec and Stephen N. Hrubec, Plaintiffs,

v.

NATIONAL RAILROAD PASSENGER CORPORATION, a/k/a Amtrak, Robin Zarbo, Ernest R. Frazier, Michael Higdon and John Doe, Defendants.

No. 91 C 4447.

United States District Court, N.D. Illinois E.D.

Aug. 17, 1993.

Edward Arthur Voci, Leadership Council, Chicago, IL, for plaintiffs.

Carl Roy Peterson, Nancy Shaw, Lord, Bissell & Brook, Chicago, IL, for defendants.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Plaintiffs Ronald Hrubec, Nijole Hrubec, Kim M. Golden, Ronald C. Hrubec, and Stephen N. Hrubec bring this two-count complaint against National Railroad Passenger Corporation a/k/a Amtrak ("Amtrak"), Robin Zarbo, Ernest R. Frazier, Michael Higdon, and John Doe [1] seeking damages, pursuant to 26 U.S.C. § 7431(a)(2) and under the common law tort of invasion of privacy, for unauthorized income tax disclosure. Presently before this Court are (1) Amtrak's motion to strike or dismiss paragraph 18 of the complaint, which delineates the damages sought by Hrubec under 26 U.S.C. § 7431(a)(2), and (2) Hrubec's motion to strike Amtrak's motion to strike or dismiss paragraph 18 and the memorandum in support of the motion and for Rule 11 sanctions. For the reasons set forth below, we deny both plaintiffs' and defendant's motions.

### I.   Factual Background [2]

All of the parties to this case have some connection to Amtrak. Ronald Hrubec is currently employed as a police officer by Amtrak, and his wife, Nijole Hrubec, is a former Amtrak employee. Zarbo was a police officer for the rail company, Frazier was

---

1.   Plaintiffs do not know Doe's true identity.

2.   We will, of course, take all well-pleaded allegations, as well as reasonable inferences therefrom, as true for the purposes of these motions. *Balabanos v. North Am. Inv. Group, Ltd.,* 708 F.Supp.

1488, 1491 n. 1 (N.D.Ill.1988) (*citing Ellworth v. City of Racine,* 774 F.2d 182, 184 (7th Cir.1985), *cert. denied,* 475 U.S. 1047, 106 S.Ct. 1265, 89 L.Ed.2d 574 (1986).

Amtrak's Deputy Chief of Police, and Higdon was the company's claims adjuster.

On or about August 10, 1989, Ronald and Nijole discovered that someone had forged Ronald's signature on an IRS request form (form 4506) asking for a copy of the Hrubec's 1988 and 1989 federal income tax returns. According to the Hrubecs, Zarbo, Frazier, Higdon, and Doe conspired to obtain the returns without the Hrubec's consent or knowledge. Ronald and Nijole now seek compensatory and punitive damages for the alleged violations of 26 U.S.C. § 7431(a)(2).

Defendants have moved to strike or dismiss the Hrubec's request for damages, claiming they exceed the relief authorized by statute. In response, plaintiffs have filed a motion to strike the defendants' motion to strike or dismiss and the memorandum in support, as well as a motion for Rule 11 sanctions.

## II. Discussion

### A. *Motion to Strike Paragraph 18 of Plaintiffs' Complaint*

The Hrubecs are entitled to file suit for damages against defendants under 26 U.S.C. § 7341(a)(2), which permits recovery against non-governmental persons who "knowingly or negligently discloses any return or return information in violation of any provision of [26 U.S.C. §] 6103." Section 7431(c) provides that a successful plaintiff may recover

(1) the greater of—

(A) $1,000 for each act of unauthorized disclosure of a return or return information with respect to which such defendant is found liable, or

(B) the sum of—

(i) the actual damages sustained by the plaintiff as a result of such unauthorized disclosure, plus

(ii) in the case of willful disclosure or a disclosure which is the result of gross negligence, punitive damages, plus

(2) the costs of the action.

26 U.S.C. § 7431(c). Amtrak contends that because § 7431(c) does not permit recovery for mental or emotional distress, and because the Hrubecs failed to allege willfulness by the defendants, the Hrubecs cannot seek more than $1,000 under the statute. Accordingly, they ask us to strike or dismiss paragraph 18 of the complaint, which contains the delineation of damages.

Section 7431(c) clearly allows recovery of all "actual damages." However, the question of whether actual damages under § 7431 may include compensation for mental and emotional anguish is one of first impression in this Court and in this District. In addition to the lack of direct precedent, there is little in the way of case law or legislative history to guide us. Nonetheless, there is enough to persuade us that Congress intended "actual damages" under § 7431 to include compensation for emotional distress.

In determining whether Congress intended to allow damages for emotional and mental distress, we first look to the interests Congress sought to protect. In *Carey v. Piphus,* 435 U.S. 247, 259, 98 S.Ct. 1042, 1050, 55 L.Ed.2d 252 (1978), the Supreme Court observed that:

The rules governing compensation for injuries caused by the deprivation of constitutional rights should be tailored to the interests protected by the particular right in question—just as the common law rules of damages themselves were defined by the interests protected in various branches of tort law.

Accordingly, discovery of the interests Congress set out to safeguard will help point us to the relief they likely intended to make available.

The legislative history of § 6103 indicates that Congress intended to protect taxpayers' right to privacy. One of Congress' concerns at the time of passage was that the level of disclosure between agencies, as it stood in 1976, breached taxpayers' reasonable expectations of privacy. S.Rep. No. 938, 94th Cong., 2d Sess. 19, 317 (1976), U.S.Code Cong. & Admin.News 1976, p. 2897. Available case law corroborates this interpretation of Congressional intent. *See, e.g., DiAndre v. United States,* 968 F.2d 1049, 1052 (10th Cir.1992) (by amending § 6103, Congress intended to protect the taxpayer's right to privacy and confidentiality in tax return information); *Grasso v. I.R.S.,* 785 F.2d 70, 75 (3rd Cir.1986) (same); *Flippo v. United*

*States,* 670 F.Supp. 638, 642 (W.D.N.C.1987) (same).

■ Next, we must establish what damages § 7431 provides to alleviate the invasion of a taxpayer's privacy. In general, courts award damages for emotional and/or mental distress to plaintiffs whose privacy has been invaded. In fact, in *Time, Inc. v. Hill,* 385 U.S. 374, 384, 87 S.Ct. 534, 540 n. 9, 17 L.Ed.2d 456 (1967), the Supreme Court recognized that the primary damage in "right to privacy" cases is mental distress. At first cut, then, it seem that "actual damages" for unauthorized disclosure of a taxpayer's returns should include recovery for mental or emotional anguish.

Looking further, we discover that courts have interpreted "actual damages" in other federal statutes to include damages for emotional distress, humiliation or mental anguish. Under the Equal Credit Opportunity Act, 15 U.S.C. § 1691e, for example, "actual damages" may include out-of-pocket monetary losses, injury to credit reputation, and mental anguish, humiliation or embarrassment. *Fischl v. General Motors Acceptance Corp.,* 708 F.2d 143, 148 (5th Cir.1983); *Anderson v. United Finance Co.,* 666 F.2d 1274, 1277 (9th Cir.1982). And at least one court has ruled that limiting damages under the Equal Credit Opportunity Act to out-of-pocket losses would undermine Congress' intent to eliminate discriminatory credit denials. *Shuman v. Standard Oil Co.,* 453 F.Supp. 1150, 1154 (N.D.Cal.1978). Under the Fair Credit Reporting Act, 15 U.S.C. § 1681n, the term "actual damages" has been read to include damages for emotional distress and humiliation. *Millstone v. O'Hanlon Reports, Inc.,* 528 F.2d 829, 834–35 (8th Cir.1976); *Bryant v. TRW, Inc.,* 487 F.Supp. 1234, 1240 (E.D.Mich.1980). Likewise, courts have allowed recovery for emotional distress as part of the "actual damages" available under the Fair Housing Act, 42 U.S.C. § 3612(c). *United States v. Balistrieri,* 981 F.2d 916, 931 (7th Cir.1992); *Jeanty v. McKey & Poague, Inc.,* 496 F.2d 1119, 1121 (7th Cir.1974); *Seaton v. Sky Realty Co.,* 491 F.2d 634, 636–37 (7th Cir.1974); *Smith v. Sol D. Adler Realty Co.,* 436 F.2d 344, 351 (7th Cir.1970). Finally, "actual

damages" under 42 U.S.C. § 1983 has been interpreted consistently to include mental distress. *Biggs v. Dupo,* 892 F.2d 1298, 1304 (7th Cir.1990); *Nekolny v. Painter,* 653 F.2d 1164, 1172 (7th Cir.1981); *Busche v. Burkee,* 649 F.d 509, 518–19 (7th Cir.1981).

On the other hand, courts do not agree on what "actual damages" are recoverable under the Privacy Act, 5 U.S.C. § 552a, which specifically deals with an individual's right to privacy in records held by the federal government. The court in *Fitzpatrick v. I.R.S.,* 665 F.2d 327, 331 (11th Cir.1982) awarded damages only for proven pecuniary losses, basing its opinion on the legislative history of the Privacy Act. Noting that the term "general damages" was changed to "actual damages" in a quid pro quo exchange for a provision reducing the standard of proof required for a violation of the Act, the *Fitzpatrick* court reasoned that actual damages must be more restrictive than general damages, and went on to conclude that "actual damages" could not be synonymous with common law general damages, and must refer only to pecuniary loss. *Id.* at 330.

In contrast with this interpretation, the Fifth Circuit has held that the Privacy Act cannot protect a right to privacy if mental distress, the primary damage resulting from an invasion of privacy, is not one of the "actual damages" provided for by Congress. *Johnson v. Dept. of Treasury, I.R.S.,* 700 F.2d 971, 977 (5th Cir.1983). The *Johnson* court likened a violation of privacy under 5 U.S.C. § 552a to a violation of civil rights remedies under 42 U.S.C. § 1983, noting Congress' acknowledgement that " 'the right to privacy is a personal and fundamental right protected by the Constitution of the United States.' " *Id.* at 976, quoting Section 2(a)(4), Privacy Act, 5 U.S.C. § 552a note, *reprinted in* 1974 U.S.C.C.A.N. 2177, 2178. Additionally, the Fifth Circuit heeded the Supreme Court's admonition in *Carey,* that compensation for constitutional injuries should be tailored to the interests protected by the right at issue. *Id.* at 977, *citing Carey,* 435 U.S. at 259, 98 S.Ct. at 1050. Because mental distress is the normal and typical damage resulting from an invasion of privacy, the *Johnson* court determined that

Congress intended "actual damages" to include compensation for mental distress under the Privacy Act. *Johnson,* 700 F.2d at 977. Indeed, the court commented that "[a] federal act affording special protection to the right of privacy can hardly accomplish its purpose of protecting a personal and fundamental constitutional right if the primary damage resulting from an invasion of privacy is not recoverable under the major remedy of 'actual damages' that has been provided by Congress." *Id.*

We find the Fifth Circuit's logic more compelling than that of the Eleventh Circuit. In acknowledging a link between common law and statute, the Fifth Circuit's reasoning assures that the Privacy Act will compensate individuals for privacy violations by allowing damages for what, in some instances, may be the only harm resulting from the disclosure of confidential information—namely, emotional distress. Similarly, § 7431, designed to protect a taxpayer's right to privacy in his filings, ought to compensate a person for attendant emotional or mental distress.

In addition to comporting with Congressional intent to protect taxpayers' right to privacy in their income tax information, the award of damages for mental or emotional anguish under § 7431 is consistent with the relief granted plaintiffs under the Federal Tort Claims Act for the disclosure of income return information in violation of 26 U.S.C. § 6103. In *Johnson v. Sawyer,* 980 F.2d 1490, 1505 (5th Cir.1992), the court permitted a jury to award damages for emotional distress and mental anguish. Though recovery under a tort action may be distinguished from recovery under a statutory scheme, it illustrates that emotional distress and mental anguish represent real and compensable consequences of unauthorized income tax disclosure.

■ In sum, although no jurisdiction has addressed whether the "actual damages" language in 26 U.S.C. § 7431 includes damages

for emotional distress, we find that the statute permits the Hrubecs to seek these damages. In passing §§ 6103 and 7431, Congress intended to protect the confidentiality of tax returns and to encourage taxpayers to file candidly. Inherent in the statute is a taxpayer's right to privacy in his filings. As with the right to privacy generally, when violated, the outstanding damage is mental and/or emotional distress. In order to further Congress' purpose, then, mental and emotional distress logically should be included in the "actual damages" provided for in § 7431(c).[3] We therefore deny Amtrak's motion to dismiss paragraph 18 of plaintiffs' complaint.

### B. Motion to Strike Amtrak's Motion to Strike

■ Federal Rule of Civil Procedure 12(f) provides for motions to strike pleadings containing "immaterial, impertinent or scandalous matter." Courts, however, have been unwilling to construe "pleading" broadly. For example, in *Anna Ready Mix, Inc. v. N.E. Pierson Const. Co.,* 747 F.Supp. 1299, 1303 (S.D.Ill.1990), the court found that an objection to a magistrate judge's report and recommendation was more like a memorandum of law than a pleading, and refused to strike it under 12(f). Similarly, in *Board of Education v. Admiral Heating and Ventilation, Inc.,* 94 F.R.D. 300, 304 (N.D.Ill.1982), the court refused to strike a superfluous footnote in a memorandum. Here, the Hrubecs have moved to strike Amtrak's motion to strike and its memorandum in support of that motion. Neither of the offending items, however, constitutes a pleading. Thus, neither are candidates for Rule 12(f), and we deny the Hrubec's motion.

### C. Motion for Rule 11 Sanctions

■ Federal Rule of Civil Procedure 11 provides that if an attorney files documents that are not reasonably based in fact or law,

---

**3.** Because we find that "actual damages" includes relief for emotional and/or mental distress, and because recovery for such injury may exceed $1,000, the Hrubec's damage request is not unauthorized under § 7431(c). We therefore need not address Amtrak's further contention that the Hrubec's damage request does not ex-

ceed $1,000 (and is therefore unauthorized) because they have not sufficiently alleged willfulness and cannot sustain a claim for punitive damages. We simply note that the Seventh Circuit ruled that the factual allegations precluded an inference that the defendants acted in good faith.

or that are meant to harass, delay or increase the cost of litigation, then the court shall impose appropriate sanctions. *See, e.g., Szabo Food Service, Inc. v. Canteen Corp.,* 823 F.2d 1073, 1082 (7th Cir.1987). The standard of inquiry is whether, objectively, the charged party's conduct was reasonable under the circumstances. *Brown v. Federation of State Medical Boards,* 830 F.2d 1429, 1435 (7th Cir.1987). The main purpose of the 1983 switch to the objective standard away from the subjective bad faith inquiry was to deter dilatory or abusive pretrial tactics and to streamline litigation. *Golden Eagle Distrib. Corp. v. Burroughs Corp.,* 801 F.2d 1531, 1536 (9th Cir.1986).

▮ There is no dispute that a motion to strike may be used to remove an excessive or unauthorized claim for damages. *See Byers v. Rockford Mass Transit Dist.,* 635 F.Supp. 1387, 1391 (N.D.Ill.1986). Nor can we conclude that Amtrak's motion was unwarranted by existing law. The question posed by Amtrak's motion was one of first impression in this District. *See Nelson v. Piedmont Aviation, Inc.,* 750 F.2d 1234, 1238 (4th Cir.1984), *cert. denied,* 471 U.S. 1116, 105 S.Ct. 2358, 86 L.Ed.2d 259 (1985) (a pleading or motion is warranted by existing law if it addresses a question of first impression); *Brown Mackie College v. Graham,* 1991 WL 278286 1991 U.S. Dist. LEXIS 18676 (D.Kan.1991). The inconsistent interpretations of the term "actual damages" under many federal statutes further underscores validity to Amtrak's motion. While the Hrubecs accurately note that Amtrak poorly analyzed and presented the issue on which their motion hinged, the question itself nonetheless warranted examination and provided a legitimate basis for the motion to strike. Accordingly, we decline to award sanctions against Amtrak.

### III. Conclusion

For the foregoing reasons, we deny defendant's motion to strike paragraph 18 of the complaint and deny plaintiffs' motion to strike and their motion for sanctions. It is so ordered.