**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,**
Plaintiff,

v.

**ADMIRAL MAINTENANCE SERVICE, L.P., et al., Defendants.**

No. 97 C 2034.

United States District Court,
N.D. Illinois,
Eastern Division.

Aug. 13, 1997.

Jean Powers Kamp, John C. Hendrickson, Jose Jorge Behar, Jeanne Szromba, E.E.O.C., Chicago, IL, for Plaintiff.

S. Richard Pincus, Michael Adam Paull, Tamra Sue Domeyer, Fox and Grove, Chartered, Chicago, IL, for Defendants.

## MEMORANDUM OPINION AND ORDER

ALESIA, District Judge.

Before the court is plaintiff Equal Employment Opportunity Commission's ("the EEOC") motion to strike portions of defendants' statement of undisputed facts and an accompanying exhibit supporting defendants' motion for summary judgment pursuant to Federal Rules of Civil Procedure 12(f) and 56(e). For the following reasons, the court grants in part and denies in part EEOC's motion.

### I. *BACKGROUND*

In March 1997, the EEOC brought a cause of action against Admiral Maintenance Service, L.P., and affiliated companies (collectively "Admiral") based on Admiral's alleged violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e–2000e–17, and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a. In May 1997, Admiral filed a motion to dismiss, or in the alternative, for summary judgment on, the EEOC's complaint. In its motion, Admiral claims that the EEOC should be barred from maintaining its cause of action against Admiral because of the EEOC's delay in bringing the lawsuit and failure to engage in good faith conciliation of its charges against Admiral.

Rather than respond to the motion, the EEOC has filed a motion to strike portions of the statement of undisputed facts and an affidavit that Admiral submitted with its motion for summary judgment. The EEOC contends that substantial portions of the statement of undisputed facts and the affidavit of Richard A. Rogus concern the merits of the case and are irrelevant and immaterial to the issues of laches and conciliation, on which Admiral's motion for summary judgment is based. The EEOC moves to strike these portions of the statement of undisputed facts and Rogus affidavit under Federal Rule of Civil Procedure 12(f). The EEOC also contends that portions of the Rogus affidavit are not based on Rogus' personal knowledge, and therefore should be stricken pursuant to Federal Rule of Civil Procedure 56(e).

### II. *DISCUSSION*

**A. *Motion to strike portions of statement of undisputed facts and Rogus affidavit pursuant to Federal Rule of Civil Procedure 12(f)***

Federal Rule of Civil Procedure 12(f) provides:

Upon motion made by a party before responding to a pleading or, if no responsive pleading is permitted by these rules, upon motion made by a party within 20 days after the service of the pleading upon the party or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous material.

FED.R.CIV.P. 12(f).

■ The EEOC contends that paragraphs 1 through 31, 35 through 41, 47 through 63, and 75 through 78 of Admiral's statement of undisputed facts, and the parts of the Rogus affidavit upon which those paragraphs are based, reflect matters that have no bearing on the issues of laches and conciliation, which are the only issues now before the court. Thus, the EEOC argues, these portions of the statement and affidavit are irrelevant and immaterial to the motion for summary judgment, and must be stricken as such pursuant to Rule 12(f). Admiral counters that its motion for summary judgment and accompanying statement of undisputed facts and Rogus affidavit are not pleadings, and therefore that Rule 12(f) cannot be used to strike any portion of them.

Rule 12(f) expressly authorizes the court to strike "from any *pleading* any insufficient defense or any redundant, immaterial, impertinent, or scandalous material."

FED.R.CIV.P. 12(f) (emphasis added). Thus, the pivotal question is whether a statement of facts and an affidavit in support of a motion for summary judgment constitute pleadings. The court agrees with the overwhelming weight of authority within and outside of this jurisdiction that the answer is no.

In *Meredith v. Allsteel, Inc.*, 814 F.Supp. 657, 660 (N.D.Ill.1992), *aff'd in part and rev'd in part on other grounds*, 11 F.3d 1354 (1993), the district court denied a defendant's motion to strike a plaintiff's statement of undisputed facts and response to the defendant's statement of undisputed facts pursuant to Rule 12(f). The court reasoned that Rule 12(f) permits a party to move to strike matters at the pleading stage, not at the summary judgment stage. *Id.* Thus, the court implicitly found that a motion for summary judgment is not a pleading.

The same court also denied a plaintiff's motion to strike a defendant's motion to strike and supporting memorandum. *Hrubec v. National R.R. Passenger Corp.*, 829 F.Supp. 1502, 1506 (N.D.Ill.1993). In *Hrubec*, the court explicitly found that neither the motion to strike nor the memorandum in support of it constituted a pleading, and therefore that neither was a candidate for Rule 12(f). *Id.*

Other jurisdictions have reached similar results. *See, e.g., Knight v. United States*, 845 F.Supp. 1372, 1374 (D.Ariz.1993), *aff'd*, 77 F.3d 489 (9th Cir.), *cert. denied*, —— U.S. ——, 117 S.Ct. 238, 136 L.Ed.2d 168 (1996) (motions to strike apply only to pleadings and not to motions); *Jones v. City of Topeka*, 764 F.Supp. 1423, 1425 (D.Kan.1991) (motions to strike are directed at "pleadings;" therefore, such a motion could not be used to strike plaintiff's motion for partial summary judgment); *International Longshoremen's Ass'n, Steamship Clerks Local 1624, AFL–CIO v. Virginia Int'l Terminals, Inc.*, 904 F.Supp. 500, 504 (E.D.Va.1995) (summary judgment briefs and affidavits are not pleadings; therefore, a motion to strike is not a proper method for challenging such briefs and affidavits).[1]

In addition, the Seventh Circuit Court of Appeals and district courts within this circuit have held that motions to dismiss and motions for summary judgment are not pleadings within the context of Federal Rules of Civil Procedure other than Rule 12(f). For example, both the Seventh Circuit and this district have held unequivocally that neither a motion to dismiss nor a motion for summary judgment is a responsive pleading within the meaning of Rule 15.[2] *See, e.g., Ross v. Franzen*, 777 F.2d 1216, 1222 (7th Cir.1985) (citations omitted); *Hagee v. City of Evanston*, 95 F.R.D. 344, 344–45 (N.D.Ill.1982) (citations omitted); *LaBatt v. Twomey*, 513 F.2d 641, 650–51 (7th Cir.1975) (citations omitted). The Seventh Circuit similarly has held that a motion to dismiss is not a responsive pleading for the purposes of Rule 41(a).[3] *See Pennsylvania R. Co. v. Daoust Constr. Co.*, 193 F.2d 659, 661 (7th Cir.1952). In addition, the district court has held that a motion for summary judgment that does not address the merits of a claim is not a pleading under Rule 38.[4] *See Outdoor Sports Indus., Inc. v. Telvest, Inc.*, 88 F.R.D. 44, 45 (N.D.Ill.1980).

The court is persuaded by the foregoing cases that the EEOC cannot invoke Rule 12(f) to strike portions of Admiral's statement of undisputed facts or the Rogus affidavit. While these documents are not motions themselves, they are integral parts of the motion for summary judgment. Thus, as with the motion, they do not constitute pleadings.

Furthermore, Rule 56 itself distinguishes between affidavits and pleadings. *See* FED.R.CIV.P. 56(c) (summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and

---

1. *Knight, Jones,* and *Steamship Clerks Local 1624* each noted that Federal Rule of Civil Procedure 7 distinguishes motions from pleadings. Rule 7(a) defines pleadings as including complaints, answers, replies to counterclaims, answers to cross-claims, third party complaints, and third party answers. FED.R.CIV.P. 7(a). Motions, which are not pleadings, are discussed in Rule 7(b). FED.R.CIV.P. 7(b).

2. Rule 15 governs the amendment and supplementing of pleadings. *See* FED.R.CIV.P. 15.

3. Rule 41(a) governs when a party may voluntarily dismiss an action. *See* FED.R.CIV.P. 41(a).

4. Rule 38 governs how and when a party may demand a jury trial. *See* FED.R.CIV.P. 38(b).

admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law"). Thus, Rule 56 makes clear that an affidavit in support of a motion for summary judgment is not considered a pleading.

In short, Rule 12(f) applies only to pleadings, but the EEOC is seeking to use it to strike portions of non-pleadings. Accordingly, the court denies the EEOC's motion to strike portions·of the statement of undisputed facts and Rogus affidavit pursuant to Rule 12(f).

### B. *Motion to strike portions of statement of undisputed facts and Rogus affidavit pursuant to Federal Rule of Civil Procedure 56(e)*

Unlike Rule 12(f), Federal Rule of Civil Procedure 56(e) can be used to strike portions of a summary judgment motion and its supporting documents that fail to comport with Rule 56(e). *See, e.g., Federal Deposit Ins. Corp. v. Meyer,* 781 F.2d 1260, 1267 (7th Cir.1986) (a party must move to strike an affidavit that violates Rule 56(e); otherwise, the party will waive its objection). Rule 56(e) provides that affidavits in support of a motion for summary judgment "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." FED.R.CIV.P. 56(e).

■ Personal knowledge "includes inferences—all knowledge is inferential—and therefore opinions." *Visser v. Packer Engineering Assoc., Inc.,* 924 F.2d 655, 659 (7th Cir.1991) (citing *United States v. Giovannetti,* 919 F.2d 1223, 1226 (7th Cir.1990)). "But the inferences and opinions must be grounded in observation or other first-hand personal experience. They must not be flights of fancy, speculations, hunches, intuitions, or rumors about matters remote from that experience." *Visser,* 924 F.2d at 659 (citing *Palucki v. Sears, Roebuck & Co.,* 879 F.2d 1568, 1572 (7th Cir.1989); *Friedel v. City of Madison,* 832 F.2d 965, 970 (7th Cir.1987).

The EEOC argues that several statements made by Rogus in his affidavit fail to satisfy Rule 56(e). Specifically, the EEOC contends that paragraphs 27, 42, 51, 60, 69, 71, and 79 are nothing more than speculation, conjecture, opinions, or conclusions by Rogus that are not based on his personal knowledge. Admiral counters that Rogus, who is vice president of operations at Admiral, is responsible for hiring, work site staffing, and all personnel and human relations functions. Thus, Admiral argues that the statements in Rogus' affidavit are based on Rogus' personal knowledge arising from his experiences, sense data, observations, and opinions as vice president of operations.

■ The EEOC complains that paragraph 27 contains Rogus' speculation that "it is likely employees tell their friends and relatives about employment opportunities at Admiral...." Admiral responds that in this statement, Rogus merely acknowledges, based on his experience with Admiral's personnel issues, that it is likely that such passive word-of-mouth recruiting occurs. Similarly, the EEOC complains that paragraph 42 consists of Rogus' opinion, unsupported by any facts, that he believes that "Admiral's percentage of black employees is as large [as], if not larger[ ] than[,] any of the other six major janitorial contractors in the Chicago area." Admiral responds that Rogus' opinion is based on his own experience with, observations about, and knowledge of the industry.

The court agrees with the EEOC that both of these paragraphs do not appear to be based on Rogus' "observation or other first-hand personal experience," but rather appear to be "speculations, hunches, intuitions, or rumors about matters remote from that experience." *Visser,* 924 F.2d at 659 (citing *Palucki,* 879 F.2d at 1572; *Friedel,* 832 F.2d at 970). Both paragraphs 27 and 42 do not state any factual basis for Rogus' inferences or opinions. Instead, both seem to be simply guesses by Rogus as to the matters set forth in the paragraphs. Accordingly, these two paragraphs fail to comport with the requirements of Rule 56(e), and are stricken.

■ The EEOC complains that in paragraph 51, Rogus merely states, in conclusory fashion without any firsthand knowledge, that the "EEOC's discriminatory hiring alle-

gation was based on a statistical analysis of Admiral's hiring data...." Admiral responds that paragraph 51 is based on the EEOC's written assertion in its October 12, 1994, decision and other similar oral assertions that its finding of liability was based on a "statistical comparison by race and national origin of the applicant flow rates with the labor market availability rates...." (Defs.' Statement of Undisputed Facts Ex. 2 at 2.) Admiral contends that the EEOC provided this information to Rogus and Admiral.

The court finds that the EEOC's opinion indeed states that it conducted the analysis described in paragraph 51, and that paragraph 51 simply states Rogus' understanding of the basis of the EEOC's opinion, based on the information that he obtained from the EEOC. Thus, paragraph 51 comports with Rule 56(e).

■ The EEOC complains that paragraph 60 "reads like a legal memorandum" about why Admiral believes that the EEOC's analyses are statistically insignificant. Paragraph 60 summarizes Admiral's response to the EEOC's theories of discrimination and enhanced settlement demand. Admiral responds that paragraph 60 is a factual recitation, based on Rogus' personal knowledge of information that Admiral provided to the EEOC.

The court agrees with Admiral. Paragraph 60 merely summarizes what Admiral's counsel stated to the EEOC in a letter dated February 1, 1995. (See Defs.' Statement of Undisputed Facts Ex. 11.) The letter states that it is a response and settlement offer to the EEOC's stated theories of discrimination and its most recent settlement demand of $1 million. (Id. at 1.) The letter states in detail what paragraph 60 summarizes. Thus, paragraph 60 is based on Rogus' personal knowledge of Admiral's response to the EEOC's charge of discrimination and settlement demand. Moreover, paragraph 60 does not read like a "legal memorandum," but makes clear that it is merely restating, in summary form, the content of the February 1, 1995, letter. Accordingly, paragraph 60 comports with Rule 56(e).

■ The EEOC complains that in paragraphs 69 and 71, Rogus purports to attest to the fact that between March 3, 1995, and

March 25, 1997, the EEOC allowed the matter between it and Admiral to remain dormant, and that the EEOC's two-year period of inactivity ended when it filed the lawsuit against Admiral. The EEOC does not explain why it challenges these paragraphs, but the court presumes that the EEOC believes that Rogus has no personal knowledge of what the EEOC did during the two years between March 1995 and March 1997. Admiral responds that paragraphs 69 and 71 pertain to Rogus' observation of the EEOC's conduct towards and lack of communication with Admiral, and that it is accurate that between March 3, 1995, and March 25, 1997, the EEOC had no contact with Admiral.

The court finds that in the context of Admiral's laches and failure to conciliate arguments, paragraphs 69 and 71 do not offend Rule 56(e). Admiral's primary argument in its motion for summary judgment is that the EEOC completely halted its dealings with Admiral for two years. Thus, from Admiral's perspective, the EEOC took no action in its case against Admiral from March 3, 1995, through March 25, 1997. The court reads paragraphs 69 and 71 as giving Rogus' impressions, based on his personal observations, regarding this two-year period. The court notes that the EEOC is free to dispute Admiral's statement of facts with respect to this issue and provide support for its own contentions regarding the two-year period of alleged inactivity.

■ Finally, the EEOC complains that paragraph 79 is a blatant example of a speculative statement not based on personal knowledge. Paragraph 79 states: "Since her October 1996 separation from Admiral, it is highly unlikely the leadperson has maintained the extraordinary level of recall concerning Admiral's applicant pool she exhibited and utilized daily while employed at Admiral." Admiral responds that this paragraph summarizes Rogus' opinion, based on his experience with Admiral's hiring and his day-to-day interaction with the leadperson, that the leadperson's memory regarding the available work force at Admiral would fade after her departure from Admiral.

The court agrees with the EEOC that paragraph 79 is blatant speculation by Ro-

gus. There is no way Rogus would know personally whether or not the leadperson's level of recall had diminished, and he certainly would not be permitted to testify at trial as to whether or not the leadperson had maintained her "extraordinary" level of recall. Thus, paragraph 79 is not based on Rogus' personal knowledge, and must be stricken as violative of Rule 56(e).

In sum, the court finds that paragraphs 51, 60, 69, and 71 of the Rogus affidavit are based on Rogus' personal knowledge, and therefore comport with Rule 56(e). However, the court finds that paragraphs 27, 42, and 79 of the Rogus affidavit fail to comply with Rule 56(e), in that they are not based on Rogus' personal knowledge. Accordingly, the court strikes paragraphs 27, 42, and 79.

The court finds further that the paragraphs of Admiral's statement of undisputed facts that are based solely on paragraphs 27, 42, and 79 of the Rogus affidavit also violate Rule 56(e). Accordingly, the court strikes paragraphs 25, 41, and 84 of the statement of undisputed facts, as well as any references to those paragraphs in Admiral's motion for summary judgment.

### III. *CONCLUSION*

For the foregoing reasons, the court grants in part and denies in part the EEOC's motion to strike portions of Admiral's statement of undisputed facts and the affidavit of Richard A. Rogus as follows: The court grants the motion to strike paragraphs 27, 42, and 79 of the affidavit of Richard A. Rogus pursuant to Federal Rule of Civil Procedure 56(e), and strikes paragraphs 27, 42, and 79 of the Rogus affidavit, as well as paragraphs 25, 41, and 84 of Admiral's statement of undisputed facts and any references to those paragraphs contained in Admiral's motion for summary judgment. The court denies the motion to strike in all other respects.