Peter KRASS, an individual, Plaintiff,

v.

THOMSON–CGR MEDICAL CORPORATION, a corporation, Defendant.

No. C–86–5270 SAW.

United States District Court,
N.D. California.

Aug. 10, 1987.

Ralph C. Alldredge, San Francisco, Cal., for plaintiff.

Alfred W. Vadnais and Laura A. Candris, Eckert, Seamans, Cherin & Mellott, Pittsburgh, Pa., and Edwin L. Currey, Jr. and Jack Berman, Bronson, Bronson & McKinnon, San Francisco, Cal., for defendant.

## ORDER

WEIGEL, District Judge.

### FACTS

Peter Krass, a former employee of Thomson-CGR Medical Corporation (sometimes "the Company"), sues for alleged violations of the Age Discrimination and Employment Act ("ADEA") (29 U.S.C. § 621, et seq.), as well as the age discrimination provisions of the California Fair Employment Act (Cal. Govt. Code § 12940, et seq.) and California common law. Krass, who became 57 years of age on May 29, 1984, alleges he was demoted from the position of District (Sales) Manager for Northern California in October, 1984; that he was again demoted in 1985; that he was generally harassed; and that his employment with the Company was terminated in August, 1986. Plaintiff seeks backpay, lost benefits, liquidated damages, compensatory damages, punitive damages for pain and suffering, costs, pre-judgment interest, attorney's fees, and other relief.

The Company moves for partial summary judgment on the ground that Krass has not incurred any compensable loss of earnings because: (1) following his transfer from the District Manager job, plaintiff remained employed by the Company and received compensation at least equal to that which he would have received as a District Manager; (2) from August 18, 1986, until April 18, 1987, plaintiff claimed to be disabled and received salary and benefits at least equal to that which he would have received as a District Manager; and (3) on February 13, 1987, plaintiff forfeited any right to subsequent backpay by refusing an unconditional offer of continued employment.

Plaintiff has filed a related motion to compel production of documents. Defendant has moved to strike plaintiff's motion to compel.

The parties have waived oral argument.

### ANALYSIS

#### I. DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT

##### A. *Transfer—October, 1984, through December 31, 1984*

The Company's affidavits show that Krass received the same compensation in 1984 after the alleged demotion that he would have received as District Manager. (Long Affidavit; Butz Affidavit) Plaintiff has not contested this. Therefore, defendant is entitled to partial summary judgment on the ground that there is no disputed issue of fact as to backpay for 1984.

##### B. *Transfer—1985*

Krass alleges he earned less in 1985 as a Special Accounts Manager than he would have earned as a District Manager. Plaintiff has not had a sufficient opportunity to discover facts relating to this time period. *See* Fed.R.Civ.Proc. 56(f). Therefore, defendant's motion for partial summary judgment is not well taken.

■ As an alternative, defendant seeks a ruling that the plaintiff's damages are limited to the difference between the amount he earned in 1985 and the amount, if any, plaintiff can prove he would have earned in 1985 as District Manager. The Court agrees that backpay awards are limited to the difference between what the plaintiff earned or would have earned with reasonable diligence and what the plaintiff would have earned but for the alleged discrimination. *Rodriguez v. Taylor,* 569 F.2d 1231 (3d Cir.1977).

### C. *Transfer—Earnings from January, 1986, through August, 1986*

In November, 1985, Krass accepted a transfer effective January 1, 1986, to the position of Manager of Government Accounts for the Western Region. In its reply brief, the Company admits that plaintiff has raised a material issue of disputed fact and withdraws its initial request for summary judgment on this issue. However, defendant is correct in its contention that plaintiff's backpay damages are limited to the difference between what he actually earned between January 1, 1986, and August 18, 1986, and whatever amount he can prove he would have earned had he remained District Manager.

### D. *Disability—August, 1986, through April 18, 1987*

■ In mid-August, 1986, the Company told Krass that it was eliminating Krass' position of Manager of Government Accounts for the Western Region effective September 1, 1986, and that Krass would be terminated. Thereafter, Krass' attorney told the Company that Krass was scheduled for surgery. The Company decided to continue Krass' employment pending his recovery so he could receive medical and insurance benefits, as well as full salary.

The Company's motion for summary judgment relating to the period August, 1986, through April 18, 1987, is not well grounded. There are unresolved factual issues.

Krass apparently does not dispute that the base salary in his job as Manager of Government Accounts was at least as great as his base salary would have been as District Manager. He also does not seem to dispute the Company's allegation that disabled employees do not receive incentive payments. He does claim that if he had been District Manager, he would have been able to return to work sooner and earn commissions. He declares that District Manager incentive compensation was based, in part, on the performance of the sales people in the district. Manager of Government Accounts incentive compensation was based solely on his own efforts, and required travel and customer contact that would have been difficult or impossible during the period he received disability pay. Further, he could not find out if he could perform the Manager of Government Accounts job after his surgery because the position had been eliminated. Also, on December 12, 1986, a Company physician found that Krass was able to return to work. Plaintiff underwent additional surgery in February or March of 1986, and the Company doctor found that Krass was able to return to work by mid-April. The examinations by the Company doctor support an inference that plaintiff could have returned to work as a District Manager for at least some of the time he received disability pay and earned incentive compensation. It is clear, therefore, that Krass has raised a material issue of disputed fact concerning what his earnings would have been between August, 1986, and April, 1987, had he remained a District Manager.

### E. *Job Offer—February 13, 1987, to present*

In late January, 1986, the Company interviewed Krass for another job within the firm. The job would have required Krass to move to Maryland. After Krass refused the job, the Company continued Krass' disability pay until April 18, 1987. Krass was terminated the next day.

Defendant argues that plaintiff failed to mitigate damages by declining the Maryland job. The Company argues that plaintiff thus alleges constructive discharge and

that Krass therefore must show that the Maryland job was intolerable.

■ The Court agrees with plaintiff that he need not show that the Maryland job was intolerable; he needs to show only that the job was not comparable to the District Manager job he sought.[1] The Company eliminated the position plaintiff held in August, 1986, and informed plaintiff he would be terminated. Throughout, plaintiff wanted to be hired as a District Manager. The Ninth Circuit has ruled that cases like Krass' are refusal to hire cases, not constructive discharge cases. In a refusal to hire case, the more lenient mitigation standard of comparability applies. *See Thorne v. City of El Segundo*, 802 F.2d 1131 (9th Cir.1986); *Whatley v. Skaggs Companies, Inc.*, 707 F.2d 1129 (10th Cir.), *cert. denied*, 464 U.S. 938, 104 S.Ct. 349, 78 L.Ed.2d 314 (1983); *Sangster v. United Airlines*, 438 F.Supp. 1221 (N.D.Cal.1977), *aff'd*, 633 F.2d 864 (9th Cir.1980), *cert. denied*, 451 U.S. 971, 101 S.Ct. 2048, 68 L.Ed.2d 350 (1981).

■ Krass has declared that the relocation required by the Maryland job would be a hardship because he has partial custody of his children in California and would not be able to see them if he moved to Maryland, and a move would be risky because there was no guarantee of how long he would keep the job. This declaration is enough to raise a disputed issue of material facts under the mitigation/comparability doctrine. *See Spagnuolo v. Whirlpool Corp.*, 717 F.2d 114, 118–19 (4th Cir.1983); *Coleman v. City of Omaha*, 714 F.2d 804, 808 (8th Cir.1983).

## II. PLAINTIFF'S MOTION TO COMPEL AND DEFENDANT'S MOTION TO STRIKE

■ Plaintiff's motion to compel production of the documents is not well taken. He has not requested a conference on this discovery dispute, as required by Local Rule 230–4. (Candris Decl. in response to Alldredge Decl.) Although plaintiff's counsel has declared that he complied with Local Rule 230–4 through correspondence, he has not declared specifically that he requested a conference. (Alldredge Decl.) Plaintiffs can raise the discovery issue pursuant to the procedures specified in the Local Rules and the Scheduling Order in this case.

■ Defendant's motion to strike plaintiff's motion is not merited. Under Federal Rule of Civil Procedure 12(f), the Court may strike "from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Rule 12(f) does not apply to a motion. *See* Fed. R.Civ.Proc. 7.

For the foregoing reasons,

IT IS HEREBY ORDERED as follows:

(1) Defendant's motion for partial summary judgment on the issue of backpay from October, 1984, through December 31, 1984, is granted;

(2) Defendant's motion for partial summary judgment on the issue that backpay from January 1, 1985, through August 18, 1986, is limited to the difference between what plaintiff earned and whatever he can prove he would have earned as District Manager is granted;

(3) The remainder of defendant's motion for partial summary judgment is denied without prejudice;

(4) Plaintiff's motion to compel production of documents is denied; and

(5) Defendant's motion to strike plaintiff's motion to compel production of documents is denied.

---

**1.** Plaintiff also argues that this affirmative defense is barred because defendant did not raise it in its answer. However, the incident did not occur until long after the answer was filed. Also, plaintiff has not shown he will be prejudiced by allowing the Company to assert this defense.