**Glenn E. KNIGHT, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. CIV–91–1704–PCT–RCB.**

United States District Court,
D. Arizona.

April 14, 1993.

Glenn E. Knight, pro se.

James P. Loss, Asst. U.S. Atty., Phoenix, AZ, for U.S.

## ORDER

BROOMFIELD, District Judge.

Defendant moves to dismiss and in the alternative moves for summary judgment ("motion to dismiss"). Plaintiff responds to this motion by filing a motion to strike. Defendant opposes the motion to strike. Before the court ruled on either defendant's motion to dismiss or plaintiff's motion to strike, plaintiff filed an additional Motion to Defer Consideration of Defendant's Motion for Summary Judgment. Defendant opposes that motion as untimely. After consideration of the parties' written arguments, the court rules on these three motions.

## I. PROCEDURAL HISTORY

In October, 1991, pro se plaintiff filed this action objecting to defendant's efforts to collect plaintiff's tax liabilities through a levy on plaintiff's monthly annuity payments from the Arizona State Retirement System.[1]

1. Plaintiff's complaint only challenges the IRS levy on liens arising from tax assessments for the year 1983.

2. Defendant attempted to file his motion on August 7, 1992. At that time the Clerk of the Court only lodged the motion because it exceeded the permitted page limit. On August 25, 1992, after

Plaintiff's complaint seeks to quiet title to these payments, including those already paid and those to be paid in the future, and additionally seeks declaratory and injunctive relief and costs.

On August 25, 1992, defendant filed its motion to dismiss.[2] In that motion, defendant argued that (1) plaintiff's request for injunctive relief was barred by the Anti–Injunction Act, (2) plaintiff's request for declaratory relief was barred by the Declaratory Judgment Act, and (3) plaintiff's complaint fails to support a quiet title action because the IRS has followed all procedural requirements in making its assessments.

Simultaneous with its motion to dismiss, on August 7, 1992, defendant filed a motion for a protective order staying all discovery directed to defendant until the court resolved the pending motion to dismiss. Plaintiff did not respond to this motion, and on September 9, 1992, the court granted the motion.[3]

On September 8, 1992, plaintiff moved for an extension of time in which to respond to defendant's motion to dismiss. In that motion, plaintiff asserted that he anticipated filing an affidavit under Fed.R.Civ.P. 56(f) and requested until October 15, 1992 to respond or otherwise move against defendant's motion to dismiss. Defendant did not respond to that motion, and on November 2, the court granted plaintiff's requested extension.

On October 9, 1992, plaintiff "responded" to defendant's motion to dismiss by filing a motion to strike. Finally, on February 22, 1993, four months later, plaintiff filed a motion to defer the alternative motion for summary judgment based on Fed.R.Civ.P. 56(f).

## II. ANALYSIS

### A. *Plaintiff's Motion to Strike*

Pursuant to Rules 12(f) and 56(e) of the Federal Rules of Civil Procedure, plaintiff

the court approved defendant's motion to exceed the page limit, the Clerk officially filed defendant's motion to dismiss.

3. The current discovery deadline in this action is October 9, 1992.

moves the court to strike defendant's motion to dismiss on the ground that the motion and supporting declaration are not in proper form. Defendant opposes the motion.

Plaintiff presents two arguments in his motion. First, plaintiff asserts that he does not seek injunctive relief. Thus, plaintiff requests the court to strike the portion of defendant's motion which seeks to dismiss plaintiff's requests for injunctive relief on the ground that this court lacks jurisdiction. Furthermore, plaintiff asserts that the United States has waived its sovereign immunity under 28 U.S.C. § 2410[4] when the inquiry is "limited to irregularities in the assessment, lien and collection of taxes." (Pl.'s Motion to Strike at 2.)

Second, plaintiff argues that the court should strike defendant's motion for summary judgment because it is supported by a declaration, rather than an affidavit as required by Fed.R.Civ.P. 56(e).

In response, defendant treats plaintiff's motion as a response to plaintiff's motion to dismiss. Because plaintiff does not intend to seek injunctive relief, defendant argues that plaintiff should not object to the court dismissing any claims so perceived. Defendant further argues that this determination, however, does not completely resolve the issue of jurisdiction because defendant also has argued that this court lacks jurisdiction to grant plaintiff's requests for declaratory relief. Finally, defendant argues that under 28 U.S.C. § 1746, its declaration has the same force and effect as an affidavit and therefore complies with Fed.R.Civ.P. 56(e).

Plaintiff replies that defendant misconstrues its motion as a response on the merits to defendant's motion to dismiss. Plaintiff asserts that it will respond to defendant's motion on the merits only when the motion is properly before the court.

■ Contrary to plaintiff's asserted intention, the only logical interpretation of his motion to strike is as a response to defendant's motion which challenges the motion on procedural grounds. As motions to strike apply only to pleadings, which are not the target of plaintiff's motion to strike, plaintiff clearly has not filed a proper motion to strike under Fed.R.Civ.P. 12(f).[5]

As plaintiff asserts that he does not seek any injunctive relief, as the law of this case, the court will not grant any injunctive relief.[6]

■ Finally, in addressing the merits of plaintiff's objections, the court finds that the declaration of Angela Carmouche submitted by defendant in support of its motion for summary judgment meets the requirements of Fed.R.Civ.P. 56(e). In support of his argument that an unsworn declaration does not meet the requirements of Rule 56(e), plaintiff refers the court to *Local Union No. 490, United Rubber, Cork, Linoleum & Plastic Workers of America, AFL–CIO v. Kirkhill Rubber Co.*, 367 F.2d 956, 958 (9th Cir.1966). That case, however, was decided before 28 U.S.C. § 1746 was enacted in 1976.

Section 1746 provides:

Wherever, under any law of the United States or under any rule, regulation, order or requirement made pursuant to law, any matter is required ... to be ... proved by

4. Section 2410(a) provides in part:
 Under the conditions prescribed in this section and section 1444 of this title for the protection of the United States, the United States may be named a party in any civil action or suit in any district court, or in any State court having *jurisdiction of the subject matter—(1) to quiet title to ...* real or personal property on which the United States has or claims a mortgage or other lien.
 28 U.S.C. § 2410(a).

5. Pleadings are defined in Fed.R.Civ.P. 7 and include complaints, answers, replies to counterclaims, answers to cross-claims, third-party complaints, and third-party answers. Fed.R.Civ.P.

7(a). Motions, which are not pleadings, are discussed in Fed.R.Civ.P. 7(b).

6. In his complaint, plaintiff requests the following relief: (1) "that the Defendant United States be required to set forth the right and nature of its *claims to said property,*" and (2) "[t]hat all property be immediately returned to the possession and control of the Plaintiff." Defendant correctly asserts that these statements request injunctive relief. *See* Black's Dictionary at 705 (5th ed.) (mandatory injunction defined as "[o]ne which (1) commands the defendant to do some positive act or particular thing.") Therefore, the court denies this requested relief pursuant to plaintiff's assertion that *he does not seek injunctive relief.*

the sworn … affidavit, in writing of the person making the same … such matter may, with like force and effect, be … proved by the unsworn declaration … in writing of such person which is subscribed by him, as true under penalty of perjury, and dated. …

28 U.S.C. § 1746. The disputed declaration of Angela Carmouche was made under penalty of perjury and is dated. Thus, the declaration meets the requirements of Fed. R.Civ.P. 56(e).

The court denies plaintiff's motion to strike. Furthermore, in accordance with plaintiff's assertions, the court will not construe any of plaintiff's requested relief as requests for injunctive relief.

### B. *Plaintiff's Motion to Defer Consideration of Defendant's Motion for Summary Judgment*

Plaintiff moves to defer under Fed. R.Civ.P. 56(f) on the ground that he cannot oppose defendant's motion for summary judgment without facts and evidence which are in the exclusive possession and control of defendant. Defendant opposes the motion on the ground that it is not timely filed.

Defendant filed its motion to dismiss on August 7, 1992. Instead of filing a response, plaintiff moved for an enlargement of time to respond until October 15, 1992. In that motion, plaintiff asserted that he has not had sufficient time to properly prepare his Rule 56(f) affidavit which he anticipated filing and that the enlargement of time was sought for this purpose. On November 1, 1992, this court granted plaintiff's request.

Plaintiff, however, failed to file either a response or a Rule 56(f) motion for continuance by either October 15, 1992 or within a reasonable time after November 1, 1992. Instead, on October 9, 1992, plaintiff filed a "motion to strike" which asserted that defendant's motion was improperly supported by a declaration. Finally, plaintiff filed a motion to defer under Fed.R.Civ.P. 56(f) on February 22, 1993, over four months after the court approved extended deadline.

■ A party responding to a motion for summary judgment by filing a Rule 56(f) motion is bound by the same time requirements as a party opposing a motion for summary judgment on the merits. *See Ashton–Tate Corp. v. Ross,* 916 F.2d 516, 519–520 (9th Cir.1990) (a request for additional time under Rule 56(f) opposes the entering of summary judgment, implying that the time constraint in Rule 56(c) should apply). In this district, the party opposing a motion for summary judgment has thirty days after service of the motion in which to file a responsive memorandum. Rules of Practice of the United States District Court for the District of Arizona ("Local Rules") 11(*l*)(2). Plaintiff failed to file his Rule 56(f) motion within the initial thirty days, within the extended response period, and within a reasonable time after the court granted plaintiff's motion to extend. Therefore, plaintiff's Rule 56(f) motion is untimely.

■ The court rejects plaintiff's Rule 56(f) motion for another reason. On August 7, 1992, defendant filed a motion for a protective order staying all discovery propounded against the United States until the court issued an order on defendant's motion to dismiss and alternative motion for summary judgment. After plaintiff failed to respond to the motion for protective order, the court entered the order on September 9, 1992. Having failed to object to this motion for a protective order, plaintiff waives the right to assert a Rule 56(f) motion in response to defendant's alternative motion for summary judgment.

Finally, the court rejects plaintiff's argument that his response period should be measured from the time the court rules on plaintiff's motion to strike rather than from the filing of the motion for summary judgment itself. As stated earlier, a motion to strike only applies to pleadings, not motions. Thus, plaintiff's motion to strike was improper.

■ Furthermore, this court is unaware of any law that permits a party to delay filing a response to a motion for summary judgment on the merits by filing a motion which opposes the motion on procedural grounds. Unless a responding party secures an extension of time from the court, that party is obligated to respond within the designated deadlines.

A responding party may not unilaterally extend deadlines by filing a motion which asserts that the initial motion is not procedurally correct.[7]

### C. Defendant United States' Motion to Dismiss or in the Alternative for Summary Judgment

#### 1. Summary Judgment Standard

To grant summary judgment, the court must hold that the record clearly establishes "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). In determining whether to grant summary judgment, the facts and inferences from these facts are viewed in the light most favorable to the non-moving party and the burden is placed on the moving party to establish both that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585–88, 106 S.Ct. 1348, 1355–57, 89 L.Ed.2d 538 (1986).

The moving party may discharge its burden by showing that there is an absence of evidence to support the non-moving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). The party opposing a motion for summary judgment cannot rest upon mere allegations or denials of the pleadings, but must set forth specific facts demonstrating a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–52, 106 S.Ct. 2505, 2509–12, 91 L.Ed.2d 202 (1986).

#### 2. Subject Matter Jurisdiction

In his motion, defendant first argues that this court lacks subject matter jurisdiction over plaintiff's requests for injunctive and declaratory relief. In his motion to strike, plaintiff asserted that he was not seeking injunctive relief. Therefore, in accordance with plaintiff's assertion, the court will not grant injunctive relief and need not address this argument.

 Second, defendant is correct that this court has no jurisdiction over plaintiff's requests for declaratory relief because this case involves federal taxes. *See Hughes v. United States*, 953 F.2d 531, 536–37 (9th Cir.1992). Thus, this court has no jurisdiction over the following requests by plaintiff which seek declaratory relief: (1) "[t]hat all adverse claims of the Defendant United States in and to said property be determined by a decree of this court," (2) that the court decree "any alleged assessments, liens, levies and seizure by the Defendant United States to be unlawful, invalid or void," [8] and (3) that the court decree "that the Defendant United States has no lawful or legal right, title, estate, lien or interest whatsoever in or to said property, or any part thereof." (Complaint at 6.)

 Defendant also correctly argues that this court lacks jurisdiction under 28 U.S.C. § 2410 to determine the validity of plaintiff's tax assessments, and must limit its scope of review to plaintiff's claims which challenge the procedural validity of the tax lien. *See Hughes*, 953 F.2d at 538.

 Finally, as asserted by defendant, this court lacks jurisdiction over money already garnished by defendant United States. *See id.* at 538 ("Jurisdiction also is lacking on any claims relating to personal property, such as previously garnished wages, in which the government now claims a title interest, instead of a mere lien interest.")

Accordingly, this court has jurisdiction over this action only to the extent that plaintiff challenges continued collection of taxes through garnishment of plaintiff's monthly annuity payments from the Arizona State Retirement System.[9] Plaintiff's claims which

---

7. The court is aware that plaintiff is pursuing this case as a pro se litigant. Pro se litigants, however, are required to abide by the rules of this court. *Carter v. C.I.R.*, 784 F.2d 1006, 1008 (9th Cir.1986). Furthermore, a review of the record in this case reveals that plaintiff is knowledgeable about the law.

8. To the extent that a taxpayer attempts to challenge the merits of an assessment, jurisdiction is lacking under 28 U.S.C. § 2410. *Hughes*, 953 F.2d at 538.

9. Defendant asserts that as of August 4, 1992, the amount of plaintiff's unpaid taxes, penalties, and interest regarding the 1983 tax year totals $2,587.76.

(1) seek injunctive and declaratory relief, (2) challenge the validity of the tax assessment, and (3) seek recovery of previously levied annuity payments are dismissed.

### 3. Procedural Validity of Lien

██ In his complaint, plaintiff alleges that defendant failed to send him a Notice of Deficiency, a Notice of Assessment, a Final Notice of Levy, and a Notice of Service as required by various regulations. In their motion for summary judgment, defendant contends that "plaintiff's procedural attack on the assessments at issue are 'insufficient to support a claim under § 2410.'" (Def.'s Memorandum in Support of United States' Motion to Dismiss or in the Alternative, for Summary Judgment ("Def.'s Memo") at 14 (quoting *Hughes,* 953 F.2d at 539.)

Defendant argues that the Certificates of Assessments and Payments (Forms 4340) submitted by defendant create a presumption that assessments were made properly and that notices were mailed properly. Defendant also argues that the "United States enjoys a presumption of procedural regularity." (Def.'s Memo at 15.) In his motion to strike, plaintiff addresses none of these arguments.

First, Form 4340 is an official document which establishes the presumption that assessments were made. *Hughes,* 953 F.2d at 535. Second, as contended by defendant, the United States does enjoy a "presumption of official regularity" concerning the validity of the notice of deficiency. *United States v. Ahrens,* 530 F.2d 781, 785 (8th Cir.1976). Moreover, defendant presents evidence that plaintiff was mailed notices of deficiencies, notices of assessment, notices of intent to levy, and a copy of the record of assessment. (Declaration of Angela Carmouche, ¶¶ 2, 6, 8, 9, 12.) This evidence includes copies of the original Notices of Deficiency sent to plaintiff at his last known address. (Declaration of Angela Carmouche, ¶ 6, exhibits F, G.)

Plaintiff, on the other hand, presents no evidence of any procedural irregularities to support his complaint and fails to establish a genuine issue of material fact. Therefore, the court grants summary judgment to defendant on plaintiff's claim that the lien is invalid due to procedural irregularities.

### III. CONCLUSION

For the reasons stated, the court denies plaintiff's motion to strike and motion to defer. The court grants defendant's motion to dismiss and motion for summary judgment.

IT IS ORDERED granting defendant United States' Motion to Dismiss or in the Alternative, for Summary Judgment (docs. 16–1, 16–2) and plaintiff's complaint and action are dismissed.

IT IS FURTHER ORDERED denying plaintiff's Motion to Strike (doc. 22).

IT IS FINALLY ORDERED denying plaintiff's Motion to Defer Consideration of Defendant's Motion for Summary Judgment (doc. 30). The Clerk of the Court is directed to enter final judgment of dismissal for defendant United States.