In re Randal William HOWARD, Debtor.

Randal William HOWARD,
Plaintiff/Appellant,

v.

UNITED STATES of America,
Defendant/Appellee.

No. CIV 93–123–TUC–WDB.

United States District Court,
D. Arizona.

Oct. 19, 1995.

---

Randal William Howard, Pro Se.

Eric M. Casper, U.S. Dept. of Justice, Tax Division, Washington, DC, for U.S.

### ORDER

WILLIAM D. BROWNING, District Judge.

Pending before the Court is Plaintiff's bankruptcy appeal pursuant to 28 U.S.C. § 158. For the following reasons, the order of the bankruptcy court granting Defendant's motion for summary judgment will be affirmed.

### I. Facts and Procedural History

On September 11, 1991, Plaintiff filed a complaint seeking relief under 28 U.S.C. § 2410. His complaint concerned his federal income tax liabilities for the tax years 1983–1986. Defendant filed its answer on October 15, 1991. Plaintiff served Defendant with over three-hundred interrogatories and requests for production of documents on December 31, 1991. Defendant filed a motion for protective order and supporting documents on January 31, 1992.[1] The bankruptcy court granted the motion for protective order on February 25, 1992, and ordered

---

1. The parties dispute whether Defendant properly served Plaintiff with the Motion for Protective Order and related documents. In light of the Court's ruling on the timeliness of Plaintiff's Rule 56(f) Motion, *infra*, this dispute is moot.

2. There is no dispute that Defendant properly served Plaintiff with this motion and supporting documents.

Plaintiff to amend and resubmit his discovery requests.

On March 3, 1992, Plaintiff filed a motion to vacate the protective order. Then, on March 30, 1992, Plaintiff filed a motion to reconsider the granting of the protective order. Defendant timely responded to both motions. On September 1, 1992, the bankruptcy court heard both motions and took the matter under advisement.

On September 1, 1992, Defendant filed a motion for summary judgment and supporting documentation.[2] Plaintiff timely filed a motion to extend the time to respond to the motion for summary judgment. The bankruptcy court granted Plaintiff an extension until October 27, 1992. Despite the additional time, Plaintiff chose to file only a motion to strike and supporting memorandum, foregoing the option of filing a formal response.

The bankruptcy court heard Defendant's motion for summary judgment and Plaintiff's motion to strike on November 10, 1992, and took the matter under advisement. On January 12, 1993, the bankruptcy court signed an order granting Defendant's motion for summary judgment and denying Plaintiff's motion to strike. This order was entered on January 16, 1993. The bankruptcy court never ruled on Plaintiff's motions relating to the protective order discussed above.

On January 15, 1993, Plaintiff filed a motion to defer consideration of the Defendant's motion for summary judgment and supporting documents.[3] Among the supporting documents was a motion for leave to file an oversized supporting memorandum. The bankruptcy court denied the motion for leave to file an oversized memorandum on January 26, 1993. Since Plaintiff did not refile an amended motion to defer consideration that complied with the applicable page limitations, the bankruptcy court never considered the motion to defer consideration.

---

3. Although not so titled, this "motion to defer consideration" is more appropriately cast as a motion pursuant to Rule 56(f). The Court will treat it as such.

Finally, on January 25, 1993, Plaintiff filed a motion to vacate the Court's order granting summary judgment. The bankruptcy court denied this motion on January 28, 1993. This appeal followed.

## II. Issues Presented

Plaintiff has preserved three issues for appeal:

(1) Whether the bankruptcy court's granting of summary judgment was proper;

(2) Whether the bankruptcy court abused its discretion by denying Plaintiff's Rule 56(f) motion; and

(3) Whether the bankruptcy court abused its discretion by denying Plaintiff's motion to vacate the order granting summary judgment.

## III. Analysis

### A. Was the Granting of Defendant's Motion for Summary Judgment Proper?

#### 1. Arguments

Plaintiff argues that the summary judgment evidence submitted by Defendant did not conform with the requirements of Rule 56(e).[4] Specifically, Plaintiff asserts that the Declarations of Eric M. Casper and Barbara Lundberg do not qualify as "affidavits" under Rule 56(e). Therefore, Plaintiff contends, these Declarations could not be used to authenticate the IRS Forms 4340 they purported to authenticate. Moreover, the Forms were not self-authenticating. Thus, since there was no admissible evidence for the bankruptcy court to consider, Plaintiff concludes that summary judgment was improvidently granted.

Defendant responds by arguing that the declarations made by Casper and Lundberg, signed under penalty of perjury, are tantamount to "affidavits" under Rule 56(e), and were appropriately considered by the bankruptcy court. Moreover, the IRS Forms 4340 are self-authenticating public records, and are admissible even without a supporting affidavit or declaration. Thus, Defendant

concludes that the bankruptcy court appropriately considered this evidence and properly granted summary judgment.

#### 2. Standard of Review

■ The granting of summary judgment is reviewed *de novo*. *In re United Energy Corp.*, 102 B.R. 757 (9th Cir.1989).

#### 3. Discussion

■ The Court rejects Plaintiff's argument for two reasons. First, in support of his argument that an unsworn declaration does not meet the requirements of Rule 56(e), Plaintiff refers the Court to *Local Union No. 490, United Rubber, Cork, Linoleum & Plastic Workers of America, AFL–CIO v. Kirkhill Rubber Co.*, 367 F.2d 956, 958 (9th Cir.1966). That case, however, was decided before the enactment of 28 U.S.C. § 1746 in 1976. § 1746 provides that an unsworn declaration that is signed under penalty of perjury and dated has the same force and effect as an affidavit. The declarations of Casper and Lundberg were dated and signed under penalty of perjury, and therefore satisfy the requirements of Rule 56(e). *See Knight v. United States*, 845 F.Supp. 1372 (D.Ariz. 1993). Thus, the bankruptcy court appropriately considered the declarations.

■ Moreover, the 9th Circuit has held that IRS Forms 4340 are self-authenticating public records. *Hughes v. United States*, 953 F.2d 531, 540 (9th Cir.1992). Therefore, whether the Forms 4340 are considered self-authenticating or were authenticated by the declarations, the Forms were appropriately considered for summary judgment purposes.

Finally, the Court concludes that the granting of summary judgment was proper. Plaintiff offered no controverting evidence that raised a genuine issue of material fact, preferring instead to rely solely on his motion to strike Defendant's summary judgment evidence. Absent controverting evidence, the declarations and Forms submitted by Defendant were a sufficient basis upon which to grant summary judgment.

**4.** Rule 7056 of the Federal Rules of Bankruptcy Procedure incorporates by reference Rule 56 of the Federal Rules of Civil Procedure. For conve-

nience, all references shall be to Rule 56, instead of Rule 7056.

### B. Did the Bankruptcy Court Abuse Its Discretion in Denying Plaintiff's Rule 56(f) Motion?

#### 1. Arguments

Plaintiff argues that the bankruptcy court should have granted his Rule 56(f) motion in order to allow the parties to engage in discovery. He avers that discovery was necessary in order to fully develop the record before the bankruptcy court considered Defendant's motion for summary judgment.

Defendant responds by arguing that Plaintiff's Rule 56(f) motion was untimely. Moreover, the motion never was appropriately before the bankruptcy court because Plaintiff's memorandum in support was oversized and the bankruptcy court denied Plaintiff leave to file an oversized memorandum.

#### 2. Standard of Review

A bankruptcy court's rulings concerning discovery are reviewed for an abuse of discretion. *Harris v. Duty Free Shoppers Ltd. Partnership*, 940 F.2d 1272, 1276 (9th Cir.1991).

#### 3. Discussion

The record on appeal reveals that, on January 12, 1993, the bankruptcy court signed an order that granted Defendant's motion for summary judgment and denied Plaintiff's motion to strike. The record further reveals that Plaintiff filed his Rule 56(f) motion *three days later* on January 15, 1993. His motion is untimely as a matter of law. The bankruptcy court did not abuse its discretion in refusing to hear Plaintiff's Rule 56(f) motion.

### C. Did the Bankruptcy Court Abuse Its Discretion in Denying Plaintiff's Motion to Vacate the Order Granting Summary Judgment?

Plaintiff makes no meaningful arguments supporting his claim that the bankruptcy court abused its discretion in denying Plaintiff's motion to vacate. Finding nothing in the record reflecting an abuse of discretion, the Court rejects Plaintiff's appeal on this ground.

Accordingly, IT IS **ORDERED** that the decision of the bankruptcy court granting Defendant's motion for summary judgment is **AFFIRMED.** IT IS FURTHER **ORDERED** that this action is **DISMISSED.**