Rubin v. Smith                          CV-92-273-SD  02/05/96
                  UNITED STATES DISTRICT COURT FOR THE

                       DISTRICT OF NEW HAMPSHIRE


Carol A. Rubin, et al

     v.                                    Civil No. 92-273-SD

Philip Smith, Sr., et al



                              O R D E R


     This civil rights action has proceeded along in fits and

starts, but has finally attained a posture wherein the court can

proceed to adjudicate the host of motions now pending.



                            Background

     Simply put, plaintiff Carol A. Rubin,[1] individually and on

behalf of her daughter Rebecca B. Rubin,[2] seeks compensatory and

punitive damages from numerous defendants owing to an alleged

_____

     [1]Proceeding through this litigation alternatively with and
without counsel, Carol Rubin is currently represented by Paul
McEachern, Esq., who filed his appearance in this matter on
October 16, 1995.  The court notes, however, that the objections
and other materials relative to the motions now under review,
with the exception of the Motion to Strike (document 122), were
completed and submitted during a time when plaintiff was
proceeding pro se.

     [2]Both independent counsel and a court-appointed guardian ad
litem have been engaged on Rebecca's behalf in order to ensure
that she receives adequate and proper representation throughout
this litigation.

conspiracy between plaintiff Carol Rubin's ex-husband, Harvey Rubin, and various New Hampshire and Connecticut officials[3] which terminated in the allegedly illegal and unconstitutional removal of Rebecca, a minor child, from the physical custody of her mother in New Hampshire and her subsequent delivery to Harvey Rubin for immediate return to Connecticut, where father and daughter both now remain.[4]

## Discussion

### 1.  Plaintiff Rebecca Rubin's Motion for Voluntary Dismissal, document 79

Citing the report of the guardian ad litem filed with the court on September 8, 1995, as well as his client's own expressed wishes, counsel for Rebecca Rubin herewith moves for voluntary dismissal pursuant to Rule 41(a)(2), Fed. R. Civ. P.[5]

---

[3]In its order of August 16, 1993, the court granted the motion to dismiss of the Connecticut officials due to lack of personal jurisdiction.

[4]Reference is directed to the published decision, Rubin v. Smith, 817 F. Supp. 987, 989-90 (D.N.H. 1993), for a more detailed and complete recitation of the underlying facts.

[5]Rule 41(a)(2), Fed. R. Civ. P., provides, in pertinent part, "an action shall not be dismissed at the plaintiff's insistence save upon order of the court and upon such terms and conditions as the court deems proper . . . .  Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice."

2

"Voluntary dismissal under Rule 41(a)(2) is a matter within the sound discretion of a district court, including whether to grant dismissal with or without prejudice." Read Corp. v. Bibco Equip. Co., 145 F.R.D. 288, 289-90 (D.N.H. 1993) (footnote and citations omitted). "Where substantial prejudice is lacking, the district court should normally exercise its discretion by granting a motion for voluntary dismissal without prejudice." Id. at 290 (citation omitted); see also 5 JAMES WM. MOORE, MOORE'S FEDERAL PRACTICE ¶ 41.05[1], at 41-56 (2d ed. 1995) ("dismissal should in most instances be granted, unless the result would be to legally harm the defendant"); 9 CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2D § 2364, at 280 (1995) ("dismissal should be allowed unless the defendant will suffer some plain legal prejudice other than the mere prospect of a second lawsuit").

With regard to Rebecca's motion for voluntary dismissal, only the Salem defendants[6] and Carol Rubin have responded.[7]

---

[6]The Salem defendants are defined to include the Town of Salem; Philip Smith, Sr.; Fred Rheault; and James Ross.

[7]The Salem defendants in their September 25, 1995, "Limited Objection" to the motion sub judice opined, "If Rebecca Rubin's interests are truly served by the dismissal of her action, then there should be no basis for objecting to it being dismissed with prejudice." Salem Defendants' Limited Objection ¶ 6 (emphasis added). Anticipating the court's treatment of the dismissal, the Salem defendants moderated their position in their October 4, 1995, "Response" to the guardian ad litem's report and noted that

3

Carol Rubin's "Without Prejudice Objection", so-called, is less an objection to the motion for voluntary dismissal of Rebecca Rubin from this litigation then an attempt to argue, for the third time, her objection to the appointment of a guardian ad litem in this matter.[8]  Both appointed counsel[9] and the guardian

_____

Rebecca's "minority . . . may in fact [have] the effect of tolling the statute of limitations . . . [and] render the dismissal of Rebecca Rubin's case without prejudice appropriate." Salem Defendants' Response ¶ 3 (emphasis added).

[8]The court declines to engage in an extended treatment of this issue, other than to note that due to plaintiff's own inaction--delaying for nearly five months before objecting to the appointment--the issue is no longer validly before the court for adjudication.  See Rubin v. Smith, 882 F. Supp. 212, 217 n.10 (D.N.H. 1995).

[9]Attorney Uchida relates that he has

> personally interviewed Rebecca Rubin on two occasions, personally spoken to her mother and father, her friends in both the Salem, New Hampshire[,] area and in Connecticut, her teachers, her guidance counsellor, a counsellor who saw her in 1990, and others, who have provided information leading counsel to conclude that Rebecca's stated wishes are her free and voluntary conclusion, reached intelligently and knowingly.  Attorney Uchida further interviewed Rebecca one additional time since the Motion for Instructions, and she again confirmed her desire to have her interests dismissed.

Rebecca Rubin's Motion for Voluntary Dismissal ¶ 7.

ad litem[10] convincingly indicate that Rebecca Rubin no longer, if ever, desires to continue as a party plaintiff in this litigation.

Notwithstanding Carol Rubin's impassioned objection, the court finds and rules that voluntary dismissal of Rebecca's claims is not only appropriate under the circumstances, <u>see</u> <u>Twardosky v. New England Tel. & Tel. Co.</u>, 95 N.H. 279, 283, 62 A.2d 723, 726 (1948) (infant plaintiff bound by the acts of counsel); <u>Beliveau v. Amoskeag Mfg. Co.</u>, 68 N.H. 225, 227-28, 40 A. 734, ___ (1894) ("it must be conceded that rights and remedies are as much the inherent birthright of an infant as of an adult; and if this be so, it necessarily follows from his disability to enforce such rights and remedies, that the infant must have the right to enforce them through the assistance of another. . . . He may be styled, or may be in fact, the guardian, the parent, or

---

[10]According to Attorney Chamberlain,

> Rebecca sees the pending litigation as her parents' issue, not hers. While the lawsuit may have value to her mother, Rebecca sees no value or advantage in the lawsuit to herself. Rebecca wants to put her time, energy and attention into matters or activities of her choosing. She is not interested in, or desirous of being a party or even a witness in the litigation which is presently before this Court. The Guardian is of the opinion that Rebecca is speaking for herself.

Guardian Ad Litem's Report and Recommendation at 5.

the next friend; but, in the very nature of things, he is, and must be held to be, the representative of the infant, and to have the power to bind him by his proper and lawful acts."), but warranted, see Miller v. Stewart, 43 F.R.D. 409, 412-13 (E.D. Ill. 1967) (where each plaintiff has separate and distinct cause of action, court may grant dismissal of some but less than all plaintiffs) (construing Rule 41(a)(1), Fed. R. Civ. P.).[11] Accord 5 MOORE'S FEDERAL PRACTICE, supra, ¶ 41.01[5], at 41-40 (effect of voluntary dismissal, with or without prejudice, under Rule 41(a)(1) is generally the same as voluntary dismissal, with or without prejudice, under Rule 41(a)(2)).

Accordingly, the Motion for Voluntary Dismissal of Rebecca Rubin must be and herewith is granted.

## 2. Renewed Motion for Withdrawal, document 113

Attorney Uchida, appointed counsel for Rebecca Rubin, moves the court to permit his withdrawal. The Salem defendants object by way of "Response" to the motion.[12]

---

[11]Moreover, Rebecca's "disability" of "infancy" will entitle her to resurrect this suit, if she so desires, within the two years following her eighteenth birthday. See New Hampshire Revised Statutes Annotated (RSA) 508:8 (1983 and Supp. 1994).

[12]This Response is essentially grounded upon the concern that the "Motion to Withdraw does not address the manner in which the pending Motion for Summary Judgment, seeking dismissal of Rebecca Rubin's claims and judgment on behalf of the defendants,

Ordinarily,

> "An attorney who agrees to represent a
> client in a court proceeding assumes a
> responsibility to the court as well as to the
> client. . . . The professional relationship,
> as well as the decision to dissolve it, must
> be guided, and in some instances is governed
> by, the court's rules of professional conduct
> and by the canons and rules of the legal
> profession applicable to the members of the
> Bar admitted to practice before the court."

Gibbs v. Lappies, 828 F. Supp. 6, 7 (D.N.H. 1993) (quoting

Hammond v. T.J. Little & Co., 809 F. Supp. 156, 159 (D. Mass.

1992)). Because this court has granted his client's motion for

voluntary dismissal, the court need not undertake the otherwise

required inquiry into the local rules of professional conduct.

See id.

Insofar as Attorney Uchida's client has moved the court to

permit the voluntary dismissal of her claims, and same having

been granted, Attorney Uchida's involvement in this matter is no

longer required. Accordingly, the Renewed Motion for Withdrawal

filed on behalf of Attorney Uchida must be and herewith is

granted.

---

will be disposed of." Response to Renewed Motion for Withdrawal
¶ 5. As Rebecca Rubin's motion for voluntary dismissal under
Rule 41(a)(1) has been allowed, this concern should be largely,
if not entirely, alleviated.

### 3. Carol A. Rubin's Motion to Strike (document 122)

Carol Rubin moves to strike the Salem defendants' August 8, 1994, Response to Attorney Uchida's Motion to Withdraw as untimely filed.[13] In the alternative, Carol Rubin seeks to have paragraphs 1 and 4 stricken as containing false, inappropriate, and inflammatory material.

Putting aside the timeliness issue, which has caused no prejudice to Carol Rubin and thus is itself an inadequate basis for the relief here sought, the vehicle plaintiff proposes to utilize in aid of this motion is Rule 12(f), Fed. R. Civ. P.[14] However, "[a]s motions to strike apply only to pleadings, which are not the target of plaintiff's motion to strike, plaintiff clearly has not filed a proper motion to strike . . . ." Knight v. United States, 845 F. Supp. 1372, 1374 (D. Ariz. 1993).[15]

_____

[13]Although Rubin herself did not respond to the withdrawal motion, she seeks to have the Salem defendants' response stricken because it was filed with the court more than a month after Attorney Uchida's motion was docketed.

[14]Said rule counsels,

> Upon motion made by a party before responding to a pleading or, if no responsive pleading is permitted by these rules, upon motion made by a party within 20 days after the service of the pleading upon the party or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.

[15]Pleadings are defined in the Federal Rules to include complaints, answers, replies to counterclaims, answers to cross-

8

Carol A. Rubin's Motion to Strike is accordingly denied.[16]


4.  Carol A. Rubin's Motion to Compel (document 178)

Plaintiff Carol Rubin has filed the instant motion to compel the Salem defendants "to produce the Police Incident Logs that contain references to Rebecca Rubin, Carol Rubin, Harvey Rubin or the events that are described in the Amended Complaint filed herein."  Motion to Compel at 1.  Specifically, she seeks production of the entire logs for both June 12 and June 13 of 1990.  Id. at 8.  Plaintiff further seeks an imposition of sanctions pursuant to Rule 37(d), Fed. R. Civ. P.[17]

_____

claims, third-party complaints, and third-party answers.  See Rule 7(a), Fed. R. Civ. P.; cf. Rule 7(b), Fed. R. Civ. P. (discussing motions, which are not pleadings).

[16]Notwithstanding the disposition of the instant motion, attention is drawn to the court's order of January 17, 1996, wherein the court, at the request of Attorney McEachern, ruled "there will be no further description of the litigation as involving 'parental kidnapping', but further descriptions should be limited to 'civil rights litigation'."  Order of Jan. 17, 1996, at 2.

[17]Such provision of the Rules provides:

> If a party . . . fails (1) to appear before the officer who is to take the deposition, after being served with a proper notice, or (2) to serve answers or objections to interrogatories submitted under Rule 33, after proper service of the interrogatories, or (3) to serve a written response to a request for inspection submitted under Rule 34, after proper service of the request, the court in which the action is pending on motion may make such orders in regard to the failure as are just . . . .  In lieu of any

9

By way of objection and supplementation, the Salem defendants indicate that they "provided to the plaintiff photocopies of the entire Salem Police Dispatch Logs for the dates being sought, namely June 12 and 13th, 1990." Supplement to Objection ¶ 3. Accordingly, plaintiff Carol A. Rubin's motion to compel is, as to the production requested, denied as moot and, as to sanctions, otherwise denied.

## Conclusion

For the reasons set forth herein, the court herewith:

- grants Rebecca Rubin's Motion for Voluntary Dismissal (document 79) and Attorney Uchida's Renewed Motion for Withdrawal (document 113); and

- denies Carol Rubin's Motion to Strike (document 122) and Carol Rubin's Motion to Compel Production (document 178).

Still pending before the court are motions for summary judgment filed on behalf of the Salem defendants (document 105)

---

order or in addition thereto, the court shall require the party failing to act or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

From the voluminous record before the court, it is evident that the Salem defendants responded to Carol Rubin's discovery requests. Whether such responses satisfied the precise discovery sought is not a matter which Rule 37(d) is intended to rectify.

and Harvey and Quentin Rubin (document 142).  An order on said motions will be forthcoming within the time frame previously established by the court; *viz*, March 17, 1996.

SO ORDERED.

_____
Shane Devine, Senior Judge
United States District Court

February 5, 1996
cc:  All Counsel

11