MILK DRIVERS, DAIRY AND ICE CREAM EMPLOYEES, LAUNDRY AND DRY CLEANING DRIVERS, CLERICAL AND ALLIED WORKERS, LOCAL UNION NO. 387 a/w International Brotherhood of Teamsters, AFL–CIO, Plaintiff,

v.

ROBERTS DAIRY, Defendant.

No. 4:03–CV–40385.

United States District Court, S.D. Iowa, Central Division.

Nov. 26, 2003:

Scott D. Soldon, Previant Goldberg Uelmen Gratz Miller & Brueggemann SC, Milwaukee, WI, Paige E. Fiedler, Fiedler & Townsend PLC, Johnston, IA, for plaintiff.

Sharon K. Malheiro, Davis Brown Koehn Shors & Roberts PC, Des Moines, IA, Stephen M. Darden, Hunter Smith & Davis LLP, Johnson City, TN, for defendant.

## ORDER DENYING DEFENDANT'S MOTION TO STRIKE

GRITZNER, District Judge.

This matter is before the Court on Defendant's Motion to Strike Plaintiff's Motion for Summary Judgment (Clerk's No. 16). The Court finds a hearing is not necessary and considers the motion fully submitted. Attorneys for the Plaintiff are Paige Fiedler, Scott Soldon, and Yingtao Ho; attorneys for the Defendant are Sharon Malheiro and Stephen Darden. For the following reasons, the Defendant's Motion to Strike Plaintiff's Motion for Summary Judgment is **denied**.

### PROCEDURAL HISTORY

The Plaintiff, Milk Drivers, Dairy and Ice Cream Employees, Laundry and Dry Cleaning Drivers, Clerical and Allied Workers, Local Union No. 387 a/w International Brotherhood of Teamsters, AFL–CIO ("Local 387" or "Union"), filed a Complaint against the Defendant, Roberts Dairy Company ("Roberts Dairy" or "Employer"), on July 11, 2003. On August 8, 2003, Roberts Dairy filed a motion to dismiss the complaint. Prior to responding to the motion to dismiss, Local 387 filed a motion for default judgment, which was subsequently withdrawn. Local 387 then filed a resistance to Defendant's motion to dismiss. On September 12,

2003, shortly after filing its resistance to Defendant's motion to dismiss and the motion to withdraw its motion for default judgment, Local 387 filed a motion for summary judgment. Roberts Dairy responded to this motion by filing a motion to strike Plaintiff's motion for summary judgment on September 18, 2003.

## BACKGROUND FACTS

The complaint in this case arises out of a dispute between an employer (Roberts Dairy) and a labor union (Local 387), where the Union seeks to have the Court confirm and/or enforce an arbitration award.[1]

## ANALYSIS

■ Local 387 moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure in its action against Roberts Dairy. In support of this motion, Local 387 states, "Through its failure to file an answer to the complaint, the Defendant accepted as true all of the allegations in the Plaintiff's complaint, which as a matter of law entitles the Plaintiff to all requested relief . . . ." Local 387 provides additional support for its motion in a brief, statement of undisputed facts, and assorted affidavits. The motion for summary judgment then specifies the damages sought in the motion.

Less than one week after the Plaintiff's motion for summary judgment was filed, Roberts Dairy moved to strike the motion. Roberts Dairy contends it timely filed a motion to dismiss following service of the complaint. Roberts Dairy further asserts it need not file any additional responsive pleading until the ultimate disposition of its outstanding motion to dismiss before the Court.

A party has ten days following disposition of a motion filed under Rule 12 of the Federal Rules of Civil Procedure to file a responsive pleading. *See* Fed.R.Civ.P. 12(a)(4)(A). Rule 12(a)(4) provides:

Unless a different time is fixed by court order, the service of a motion permitted

under this rule alters these periods of time as follows:

(A) if the court denies the motion or postpones its disposition until the trial on the merits, the responsive pleading shall be served within 10 days after notice of the court's action . . . .

Fed.R.Civ.P. 12(a)(4)(A).

Roberts Dairy filed a motion to dismiss pursuant to Rule 12(b)(6). This motion has not been ruled upon by the Court. Thus, Roberts Dairy is correct in its assertion that it is not yet required to file a responsive pleading and has until 10 days after the Court rules upon its motion to actually file a responsive pleading.

The Plaintiff's initial motion for summary judgment was improvidently filed without an adequate appreciation for the state of the record. However, the issue now before the Court is whether the Defendant's motion to strike provides the appropriate remedial posture.

■ Rule 12(f) of the Federal Rules of Civil Procedure ("Rule 12(f)") provides that a "court may order stricken from any *pleading* any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f). According to the language of Rule 12(f), motions to strike apply only to pleadings and not to motions. *See Knight v. United States*, 845 F.Supp. 1372, 1374 (D.Ariz.1993); *Krass v. Thomson–CGR Med. Corp.*, 665 F.Supp. 844, 847 (N.D.Cal.1987).

Pleadings include complaints, answers, replies to counterclaims, answers to cross-claims, third-party complaints, and third-party answers. *See* Fed.R.Civ.P. 7(a);[2] *see also Knight*, 845 F.Supp. at 1374 n. 5 (discussing what constitutes a pleading as defined in Fed.R.Civ.P. 7). Therefore, a motion to strike a motion for summary judgment is inappropriate and should be denied. *See Jones v. Topeka*, 764 F.Supp. 1423, 1425 (D.Kan.1991) (finding defendants' motion to strike plaintiff's motion for partial summary

---

**1.** Additional background facts are unnecessary for the purposes of assessing Defendant's motion to strike plaintiff's motion for summary judgment.

**2.** Motions are discussed in Fed.R.Civ.P. 7(b).

judgment should be denied because court can strike pleadings but not motions); *Superior Beverage Co. v. Ohio,* 324 F.Supp. 564, 564–65 (N.D.Ohio 1971) (finding defendant's motion to strike plaintiff's amended motion for summary judgment inappropriate); *see also Knight,* 845 F.Supp. at 1374 (finding plaintiff's motion to strike defendant's motion for summary judgment was not a proper motion to strike under Rule 12(f) because it applied to a motion and not to a pleading).

## CONCLUSION

While Roberts Dairy has raised a valid contention that it is not required to file a responsive pleading until 10 days after the Court rules on its motion to dismiss, the manner in which it attempts to defeat Plaintiff's motion for summary judgment is inappropriate. Under Rule 12(f), a court may only order items stricken from pleadings and not from motions. As Defendant's motion to strike is directed at a motion, namely, Plaintiff's motion for summary judgment, it must be **denied.**

**IT IS SO ORDERED.**